

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# FORT PIERCE DIVISION

NEEKA ROGERS

    *Plaintiff,*

V.                                                                           Case No:.

EQUIFAX INFORMATION SERVICES LLC

    *Defendant.,*

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW the Plaintiff, Neeka Rogers, and complains of the Defendant, Equifax Information Services LLC ("Equifax"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Neeka Rogers against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1681p.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

4. Venue is proper in this district and division because the Plaintiff resides in St. Lucie County, Florida, and the acts complained of affected the Plaintiff here.

## PARTIES

5. Neeka Rogers is a natural person residing in Port Saint Lucie, Florida 34953.

6. Ms. Rogers is a Consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

8. Equifax is a Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Equifax uses means or facilities of interstate commerce, including the mail and internet, to prepare and furnish consumer reports. As a CRA, Equifax is aware of its obligations under the Fair Credit Reporting Act (FCRA).

## FACTUAL ALLEGATIONS

9. The FCRA allows the consumer to check the accuracy of the information possessed by a consumer reporting agency by requiring that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

10. Congress requires that consumer disclosures be made clearly and accurately so that consumers can fully understand the contents of their files and compare the disclosed information with their own personal records to determine whether it is accurate before that information is provided to any third party.

11. A consumer reporting agency violates the Fair Credit Reporting Act when it fails to clearly and accurately disclose all information in the consumer's file, irrespective of the system or location in which that information is maintained.

12. In or about January 2026, Plaintiff requested her consumer file disclosure from Equifax through the centralized source, AnnualCreditReport.com.

13. Defendant responded to Plaintiff's consumer file disclosure request by providing Plaintiff with a PDF copy of her consumer file disclosure dated January 28, 2026, which Plaintiff alleges failed to clearly and accurately disclose all information in her file, in violation of 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act.

## ACCOUNT AT ISSUE

14. Whenever this Complaint refers to accounts and/or items of information, it refers to the following account items at issue:

- Comenitycapital/famous partial account number 4939
- Consumer Portfolio Service partial account number 2458

## EQUIFAX'S FAILURE TO CLEARLY AND ACCURATELY DISCLOSE INFORMATION VIOLATES 15 U.S.C. § 1681g(a)(1) AND IMPEDES PLAINTIFF'S STATUTORY RIGHT TO DISPUTE INACCURATE INFORMATION

15. The Comenity Capital/Famous account with partial account number 4939 contained multiple omissions and inaccuracies. Defendant failed to clearly and accurately disclose the full account number or any additional account numbers or identifiers beyond the four digits provided. The disclosure also omitted the scheduled payment amount, actual payment amount, date of first delinquency, date major delinquency was first reported, and the activity designator. Equifax further failed to clearly and accurately disclose the payment history associated with this account. The disclosure reflects no data for February, March, April, May, June, July, August, September, October, November, and December. The absence of payment history data makes it appear as

though Plaintiff failed to make payments during those months, which could mislead a third party reviewing the file. These omissions rendered the disclosure inaccurate, incomplete, unclear, and misleading. See Screenshot below.



16.     The Consumer Portfolio Service account with partial account number 2458 contained multiple omissions and inaccuracies. Defendant failed to clearly and accurately disclose the full account number or any additional account numbers or identifiers beyond the four digits provided. The disclosure also omitted the date of last activity and the amount past due. The account is reported with a status of charge off. If that is the case, the disclosure should clearly and accurately reflect the date the account was closed. However, no such data is disclosed. These omissions rendered the disclosure inaccurate, incomplete, unclear, and misleading. See screenshot below.



17. The information identified throughout this Complaint and reflected in the attached screenshot, which Plaintiff alleges was missing, withheld, omitted, left blank, or not clearly and accurately disclosed, constitutes information to which Plaintiff was legally entitled.

18. This is also information that furnishers are required to provide to Equifax as a consumer reporting agency and that forms part of Plaintiff's consumer file. Accordingly, this information was required to be disclosed by Equifax pursuant to 15 U.S.C. § 1681g(a)(1).

19. This information was included in prior consumer disclosures and reports, appears in current reports, or was capable of being included in consumer reports prepared and maintained by Equifax for third parties. This demonstrates that Equifax possessed or retained this information at the time of Plaintiff's disclosure request.

## SYSTEMIC PREVALENCE OF TRUNCATED ACCOUNT NUMBERS AND MISSING ACCOUNT DATA PREVENTED PLAINTIFF FROM OBTAINING A CLEAR AND ACCURATE DISCLOSURE

20. Full account numbers are essential to allow consumers to determine whether a reported tradeline actually belongs to them, whether it is associated with a transaction they authorized, and whether the account is the product of error, misattribution, or identity theft.

21. Without access to complete account numbers, consumers, including Plaintiff, are unable to meaningfully verify ownership of reported accounts, reconcile duplicate or fragmented tradelines, or accurately dispute inaccurate or fraudulent information, thereby frustrating the remedial purpose of the Fair Credit Reporting Act and violating 15 U.S.C. § 1681g(a)(1).

22. The Federal Trade Commission has explained that a consumer reporting agency that routinely truncates or scrambles account numbers (or Social Security numbers) does not comply with Section 609 because such practices fail to provide an "accurate," and potentially not a "clear," disclosure of "all information" in the consumer's file.

23. The FTC further stated that truncation may be permissible only where a consumer expressly requests that certain items be abbreviated or revised. Here, Plaintiff made no such

request. Plaintiff requested a full file disclosure and relied on Equifax to provide all information clearly and accurately, as required by 15 U.S.C. § 1681g(a)(1). Equifax's unilateral truncation and omission of material account information therefore violated the statute.

24. Without the scheduled payment amount and actual payment amount, the consumer cannot determine whether the account was properly reported as delinquent or whether the reported balance and status are justified.

25. Without the date of first delinquency and the date major delinquency was first reported, the consumer cannot determine when the alleged default occurred, whether the account is being reported within the proper time period, or whether the account is being re-aged.

26. Without the activity designator, the consumer cannot understand how the account is being treated internally or communicated to third parties.

27. Without the date closed, the consumer cannot determine when the account was terminated, whether it is being reported within the proper time period, or whether the account is being inaccurately presented as open or recently active to third parties.

28. Missing payment history creates the appearance that no payments were made during the months for which no data is shown. This can falsely suggest nonpayment, delinquency, or financial instability even where payments were made or the account was current.

29. These omissions rendered the disclosure inaccurate, unclear, and materially misleading, and prevented Plaintiff from obtaining a complete and truthful understanding of her consumer file. Equifax's conduct directly frustrated Plaintiff's statutory right to meaningfully review and dispute inaccurate information, in violation of 15 U.S.C. § 1681g(a)(1).

## ACTUAL DAMAGES

30. As a result of Equifax's failure to clearly and accurately disclose all information contained in Plaintiff's consumer file at the time of her request, Plaintiff expended significant time attempting to interpret a materially incomplete and misleading disclosure. The disclosure contained missing, inaccurate, unclear, and incomplete information, as described throughout this Complaint, rendering it effectively unusable for meaningful review.

31. Plaintiff also suffered confusion and frustration because she was unable to understand the information provided or reconcile it with her own records, and she wasted time attempting to interpret a disclosure that was essentially useless due to its numerous omissions.

32. Equifax's omissions materially hindered Plaintiff's ability to meaningfully review and dispute inaccurate information pursuant to 15 U.S.C. § 1681i.

33. Had Equifax disclosed all information required by law to which Plaintiff was legally entitled, Plaintiff would have been in a better position to understand the information disclosed, compare the reported data against her own records, identify inaccuracies, and submit more precise disputes using the additional information that Equifax failed to clearly and accurately disclose, as alleged throughout this Complaint.

34. Instead, Equifax's failure deprived Plaintiff of that opportunity, causing concrete informational harm.

## EQUIFAX'S ACTIONS WERE WILLFUL

35. Equifax's violations of the Fair Credit Reporting Act were willful within the meaning of 15 U.S.C. § 1681n.

36. Equifax is a consumer reporting agency and is well aware of its obligations under the Fair Credit Reporting Act, including those set forth in 15 U.S.C. § 1681g(a)(1). Willfulness under the FCRA includes reckless conduct, defined as actions that present an unjustifiably high risk of violating the statute that is either known or so obvious that it should be known.

37. There is no objectively reasonable interpretation of 15 U.S.C. § 1681g(a)(1) that permits a consumer reporting agency to withhold or obscure full account numbers when the consumer has not requested such truncation, or to omit other material data fields such as the scheduled payment amount, actual payment amount, date of first delinquency, date major delinquency was first reported, the activity designator, or payment history, while still claiming compliance with the statute's mandate to disclose all information in the consumer's file. Equifax's conduct therefore falls outside any permissible reading of the FCRA.

38. Equifax's failure to disclose this basic, required information deprived Plaintiff of the ability to determine whether the accounts were associated with a transaction she had entered into or an account she actually held, assess their validity, evaluate potential fraud or misattribution, and meaningfully dispute the accounts. This conduct reflects more than mere negligence. It demonstrates a reckless disregard for consumers' statutory rights and for Equifax's clear disclosure obligations.

39. Equifax routinely, as a matter of practice and procedure, violates 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in consumers' files. Specifically, Equifax omits or withholds materially important data fields, including but not limited to full account numbers or all associated account identifiers, the scheduled payment amount, actual payment amount, date of first delinquency, date major delinquency was first reported, the activity designator, and payment history, despite retaining or having access to such information within its internal systems and databases or having the capability to obtain this information from furnishers.

40. These omissions are not isolated or accidental. They result from Equifax's templated and systematic disclosure practices, including the use of standardized consumer file formats that suppress or exclude material account-level data while presenting an appearance of compliance.

41. Equifax maintains, controls, and processes this information internally, yet deliberately elects not to disclose it to consumers in file disclosures, thereby preventing consumers from fully understanding or challenging derogatory information.

42. Equifax has been sued repeatedly for substantially similar violations and has been informed by courts that information of the type Plaintiff alleges was not clearly and accurately disclosed should be included in consumer disclosures. Rather than remediate these known deficiencies or implement more compliant and clear disclosure practices, Equifax continues to employ the same methods without meaningful change despite notice from courts and other government guidance. These practices obscure critical information from consumers, impair their ability to dispute inaccuracies, and frustrate the core purpose of 15 U.S.C. § 1681g.

43. This continued conduct, in the face of obvious statutory requirements and repeated litigation, evidences conscious disregard for the FCRA and the protections it affords.

44. Equifax's disclosure practices create an unjustifiably high risk of statutory violations because they predictably deprive consumers of material information necessary to detect inaccuracies, identify furnishers, and initiate meaningful disputes.

45. That risk is either known to Equifax or so obvious that Equifax must be deemed aware of it. Nonetheless, Equifax has chosen to prioritize operational convenience and systemic efficiencies over compliance with federal law.

46. As a direct and proximate result of Equifax's willful misconduct, Plaintiff suffered concrete informational injury, including the denial of legally required information, loss of control over personal credit data, frustration of dispute rights, and emotional distress and confusion arising from uncertainty regarding the legitimacy and origin of the reported account. Plaintiff was deprived of the ability to make informed decisions regarding her credit and financial standing, as further described in this Complaint.

47. Accordingly, Equifax is liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

## COUNT I

### Violation of the Fair Credit Reporting Act

### 15 U.S.C. § 1681g(a)(1) (Failure to Clearly and Accurately Disclose Consumer File)

48. Plaintiff incorporates by reference all preceding paragraphs as though fully restated herein.

49. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

50. The Fair Credit Reporting Act requires that a consumer reporting agency, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

51. This statutory duty is mandatory and exists to ensure that consumers can meaningfully review, understand, and dispute the information before it is furnished to third parties.

52. At all relevant times, Defendant Equifax possessed, maintained, or had access to additional account level data and identifying information relating to the accounts identified in this Complaint, including but not limited to full or additional account identifiers, payment history data, scheduled payment amounts, actual payment amounts, the date of first delinquency, the date major delinquency was first reported, activity designators, the date of last activity, and account closure data.

53. Despite possessing or having access to this information, Defendant failed to clearly and accurately disclose this information to Plaintiff in response to her January 2026 consumer file disclosure request.

54. The omission and suppression of this information rendered the disclosure incomplete, unclear, and materially misleading.

55. By failing to disclose all information contained in Plaintiff's file, Defendant frustrated the core remedial purpose of the FCRA and deprived Plaintiff of the ability to make an informed assessment of her credit file.

56. Defendant's conduct caused Plaintiff concrete informational injury, including loss of access to legally required information necessary to monitor her financial reputation.

57. Defendant's conduct also caused confusion, frustration, impaired Plaintiff's ability to challenge potentially inaccurate or misleading information reflected in her consumer file, and resulted in wasted time attempting to interpret the incomplete disclosure.

58. Defendant's violations were willful.

59. Defendant acted in reckless disregard of its statutory obligations by employing templated disclosure practices that suppress material account level data despite knowing that such information is part of the consumer's file and necessary for meaningful review.

60. Defendant's conduct involved an unjustifiably high risk of violating Plaintiff's rights under the FCRA, which was either known or so obvious that it should have been known.

61. In the alternative, Defendant's conduct was negligent.

62. As a direct and proximate result of Defendant's violations, Plaintiff suffered informational harm, impairment of statutory dispute rights, loss of control over personal credit data, emotional distress and frustration, and expended time and effort attempting to interpret an incomplete disclosure.

63. Plaintiff is entitled to actual damages and, if Defendant's actions and inactions are deemed willful, statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff requests:

1. Statutory damages of $100-$1,000 per violation/omitted field under § 1681n(a)(1)(A);
2. Actual damages for emotional/informational harm under §§ 1681n(a)(1)(A), 1681o(a)(1);
3. Punitive damages under § 1681n(a)(2);
4. Costs and fees under §§ 1681n, 1681o;
5. Other relief as just.

Respectfully, Submitted

/s/ Neeka Rogers

Neeka Rogers Pro Se

1951 SW gold lane

Port Saint Lucie, 34953

Email: msneekapooh@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the clerk of court and will be provided to all entitled parties.

Date Feb 27th 2026

Respectfully, Submitted

/s/ Neeka Rogers

Neeka Rogers Pro Se

1951 SW gold lane

Port Saint Lucie, 34953

Email: msneekapooh@yahoo.com